# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JESSICA PFLIGERSTOFER,<br><br>    Plaintiff,<br><br>v.<br><br>COMENITY BANK; EQUIFAX INFORMATION SERVICES LLC; and TRANSUNION, LLC<br><br>    Defendants. | Case No.: 7:23-cv-43<br><br>**Complaint for Damages:**<br>    **Violation of Fair Credit Reporting Act** |

Plaintiff, Jessica Pfligerstofer, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.   INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on her consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.   PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Wichita, Texas.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

4. Defendant, Comenity Bank ("Comenity") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Texas.

5. At all times pertinent hereto, Defendant Comenity is a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

6. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in Texas.

7. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Texas.

8. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

9. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

10. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

11. Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency, licensed to do business in Texas.

12. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Texas.

13. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

14. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

15. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.   JURISDICTION AND VENUE

16. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

17. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Wichita County, Texas and Defendants do business in Texas.

18. Personal jurisdiction exists over Defendants as Plaintiff resides in Texas, Defendants have the necessary minimum contacts with the state of Texas, and this suit arises out of specific conduct with Plaintiff in Texas.

### IV. FACTUAL ALLEGATIONS

19. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Comenity, Equifax, and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

20. Equifax, Experian, and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

21. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

22. Experian, Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

23. Plaintiff discovered the Comenity account ending -7410 on her Equifax, Experian, and TransUnion consumer reports in error (the "Account").

24. During the course of repayment of the Account, Plaintiff satisfied the Account in full with Midland Credit Management, who on information and belief purchased the Account from Comenity.

25. Plaintiff resolved her liability on the Account for full and final settlement of Plaintiff's obligation with respect to the Account, and the Account is $0.

26. In spite of receiving the full benefit of payment in full on the Account, and releasing Plaintiff from liability on the Account, Defendant Comenity continued, erroneously, to report a balance due and owing with derogatory charge-off status on the Account to Experian, Equifax, and Trans Union.

27. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates her credit utilization.

**PLAINTIFF'S WRITTEN DISPUTE**

28. On or about November 17, 2022, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

29. On or about November 17, 2022, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer reports.

30. On or about November 17, 2022, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer reports.

31. Experian deleted the erroneous information associated with the Account.

32. Upon information and belief, Equifax and TransUnion forwarded Plaintiff's Disputes (collectively the "Dispute Letters") to Defendant Comenity.

33. Upon information and belief, Comenity received notification of Plaintiff's Letters from Equifax and TransUnion.

34. Upon information and belief, Comenity verified the erroneous information associated with the Account to Equifax and TransUnion.

35. Comenity failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

36. Equifax and TransUnion each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

37. Upon information and belief, Comenity failed to instruct Equifax and TransUnion to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

38. Equifax and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in

Plaintiff's Dispute Letters.

39. At no point after receiving the Dispute Letters did Comenity, Equifax or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

40. Equifax and TransUnion relied on their own judgment and the information provided to them by Comenity rather than grant credence to the information provided by Plaintiff.

41. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

## COUNT I – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

42. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

43. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

44. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

45. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

47. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to

recover damages under 15 U.S.C. §1681o.

48. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

49. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

50. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

51. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

52. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

54. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

55. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

56. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

57. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

58. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

59. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

60. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

61. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

62. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

63. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

64. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

65. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

66. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

67. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

68. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

69. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – COMENITY

Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

70. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

71. After receiving the Dispute Letters, Comenity failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

72. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly

investigate Plaintiff's disputes of Defendant Comenity's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Comenity's representations to consumer credit reporting agencies, among other unlawful conduct.

73.  As a result of this conduct, action, and inaction of Defendant Comenity, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

74.  Defendant Comenity's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

75.  In the alternative, Defendant Comenity was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

76.  Plaintiff is entitled to recover costs and attorneys' fees from Defendant Comenity pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A.  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

1  D.  Any further legal and equitable relief as the court may deem just and proper in
2  the circumstances.

Respectfully submitted April 27, 2023

/s/ Joseph Panvini
Joseph Panvini
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 612-5016
Fax: (602) 218-4447
joe.panvini@mccarthylawyer.com
Attorney for Plaintiff